UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HAMILTON, | No. 2:16-cv-0598 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION MEDICAL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pursuant to the court's order, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

1  the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

2  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

3  In reviewing a complaint under this standard, the court must accept as true the allegations of the

4  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

5  favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

6  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

14  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

15  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

16  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

17  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

18  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

20  588 F.2d 740, 743 (9th Cir. 1978).

21      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22  their employees under a theory of respondeat superior and, therefore, when a named defendant

23  holds a supervisorial position, the causal link between him and the claimed constitutional

24  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

25  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

26  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

27  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

28  official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

1  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
2  participation is insufficient).

3  In his complaint, plaintiff alleges the following: RN Urban, an employee at California
4  Men's Colony, East ("CMC-E") refused to review plaintiff's medical records before injecting
5  plaintiff with a Tuberculosis ("TB") shot on May 8, 2015. SRN Trujillo, also employed at CMC-
6  E, allegedly filed a false CDC Health Care response in CMC-HC-15049372 on June 25, 2015,
7  because Trujillo stated that plaintiff took a TB test at "MCJ" on August 11, 2014, but plaintiff
8  was at Wasco State Prison that day. (ECF No. 1 at 2.) Plaintiff alleges various violations of the
9  California Penal Code and prison regulations. Plaintiff claims that he has been TB code 32
10 (positive) since 1987, and that it is not possible to go from positive to negative. He alleges that
11 the cumulative effect of these violations have caused him and his family to suffer mental stress
12 and post-traumatic stress disorder. He seeks a TB test performed by an outside hospital due to the
13 medical negligence of defendants.

14 Plaintiff also names the California Department of Corrections and Rehabilitation
15 ("CDCR") and CMC-E Medical as defendants, but includes no charging allegations as to such
16 defendants. The Eleventh Amendment bars suits brought by private parties against a state or state
17 agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332
18 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d
19 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court
20 may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381,
21 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of
22 California has not consented to suit. Accordingly, plaintiff's claims against the CDCR and CMC-
23 E Medical are legally frivolous and must be dismissed. Plaintiff is not granted leave to amend as
24 to these defendants.

25 Plaintiff claims that defendants violated various sections of the California Penal Code as
26 well as prison regulations. However, criminal statutes do not give rise to civil liability. Allen v.
27 Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). In addition, absent any constitutional
28 violation, plaintiff's claim for violation of regulations contained in Title 15 of the California Code

of Regulations also fails, because there is no independent cause of action for violation of those regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). See also Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right).

Plaintiff's allegations concerning the TB "shot" are too vague and conclusory to state cognizable Eighth Amendment claims. In the Ninth Circuit, a deliberate indifference medical claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of

////

5

1 treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681
2 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

3     Here, plaintiff's allegations refer to negligence and medical malpractice, which do not rise
4 to the level of an Eighth Amendment violation. Plaintiff does not identify the nature of the TB
5 shot that he was given; that is, whether the shot was a vaccination, or a purported treatment for
6 his TB. It is unclear whether he contends he was injured by being injected with TB, or whether
7 he alleges he sustained an injury because he was given a TB vaccine despite already being TB
8 positive. Plaintiff does not allege an actual physical injury, so it is unclear whether receiving a
9 TB vaccination despite being TB positive is harmful.

10     In addition, it is not clear whether plaintiff can state a cognizable civil rights claim against
11 defendant Trujillo. It appears that defendant Trujillo misstated a reference to plaintiff's prior
12 medical records in the written response to plaintiff's health care appeal. Prisoners have no stand-
13 alone due process rights related to the administrative grievance process. See Mann v. Adams,
14 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
15 (holding that there is no liberty interest entitling inmates to a specific grievance process). In
16 addition, the inaccuracy of records compiled or maintained by the government is not, standing
17 alone, sufficient to state a claim of constitutional injury under the due process clause of the
18 Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 711-714 (1976); see also Reyes v.
19 Supervisor of DEA, et al., 834 F.2d 1093, 1097 (1st Cir. 1987) (no claim presented where inmate
20 failed to allege false information maintained by police department relied upon to deprive him of
21 constitutionally protected interest); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere
22 existence of inaccuracy in FBI criminals files not state constitutional claim). Under state law,
23 liberty interests created by prison regulations are limited to freedom from restraint which imposes
24 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
25 In certain limited circumstances, however, a claim of constitutional magnitude may be raised
26 where a prisoner alleges 1) that information is in his file, 2) that the information is false, and 3)
27 that it is relied on to a constitutionally significant degree. Paine v. Baker, 595 F.2d 197, 201 (4th
28 Cir.), cert. denied, 444 U.S. 925 (1979); cf. Hernandez v. Johnston, 833 F.2d 316, 1319 (9th Cir.

1987) (Ninth Circuit refused to reach whether "in proper case" there may be constitutional right grounded in due process clause to accurate prison records).

To state a due process claim challenging the accuracy of prison records, a plaintiff must allege that the state has created a liberty interest in accurate prison record information. See Hernandez, 833 F.2d at 1318-19. Plaintiff does not allege that the state of California has created a liberty interest in accurate prison records. Further, plaintiff does not allege whether he has fulfilled any procedural requirements for challenging the accuracy of his prison record. In addition, because the alleged misstatement is included in an administrative appeal response, it is unclear how medical staff at the prison might rely on such misinformation during plaintiff's medical care such that it might rise to the level of a constitutional violation. For all of these reasons, plaintiff fails to allege sufficient facts to demonstrate whether he can state a viable civil rights claim against defendant Trujillo.

Plaintiff claims that the cumulative effect of the alleged violations have caused plaintiff and his family "mental stress" and "post-traumatic stress disorders." (ECF No. 1 at 2.) First, plaintiff does not have standing to raise claims on behalf of family members. Plaintiff may only pursue his own claims. Second, under 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act of 1996: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." Id. Thus, in order to pursue damages based on mental or emotional injury, plaintiff must demonstrate that he sustained an actual physical injury.

Finally, while not entirely clear, it appears that plaintiff seeks a court order requiring the Warden at California State Prison, Solano ("CSP-SOL") to provide plaintiff outside medical services. (ECF No. 1 at 2.) It appears that since the 2015 actions of defendants Urban and Trujillo at CMC-E, plaintiff has been transferred to CSP-SOL. Because the warden at CSP-SOL was not involved in plaintiff's medical care at CMC-E, plaintiff cannot state a cognizable civil rights claim against the warden at CSP-SOL. Plaintiff should seek medical care at CSP-SOL to resolve his concerns regarding the medical care provided at CMC-E, and may seek referral to

outside services from medical staff at CSP-SOL. Because plaintiff is no longer housed at CMC-E, the court is unable to order injunctive relief as to defendants employed at CMC-E.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. Plaintiff must file his pleading on the form provided by the Clerk of the Court.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 4, 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against the CDCR and CMC-E Medical are dismissed without leave to amend;

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

6. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Dated: May 18, 2016

/cw/hami0598.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON,<br><br>           Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION MEDICAL, et al.,<br><br>           Defendants. | No.  2:16-cv-0598 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____         Amended Complaint
DATED:

                                                    _____
                                                    Plaintiff