UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT J. HAMILTON, | No. 2:16-cv-0598 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION MEDICAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, requests to withdraw his complaint.

Rule 41(a) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

Here, no operative pleading is on file; rather, plaintiff has been granted leave to file an amended complaint. Thus, no defendant has been served, or filed an answer or filed a motion for summary judgment. Therefore, plaintiff may seek dismissal of this action without prejudice to refiling under Rule 41(a). However, in his request, plaintiff asks the court to give him "the opportunity to re-file the civil rights . . . complaint in one year." (ECF No. 12 at 1.) Plaintiff claims he seeks withdrawal of the instant action "due to some evidence problems." (Id.)

1

1    The court has no authority to assure plaintiff that he will have the "opportunity" to re-file
2 his civil rights complaint in one year.  First, the undersigned cannot issue orders addressing
3 claims not yet filed or assigned to him.  Second, plaintiff will incur another filing fee if he
4 dismisses this action and chooses to file a second action in the future.  Third, there may be statute
5 of limitations[1]concerns as to plaintiff's claims.  Fourth, plaintiff is required to exhaust his
6 administrative remedies as to each claim prior to filing an action in federal court.[2]  Finally, Rule
7 11 of the Federal Rules of Civil Procedure provides that by signing an amended complaint,
8 plaintiff certifies that he has made reasonable inquiry and has evidentiary support for his
9 allegations.  Id.  Violation of Rule 11 may result in the imposition of sanctions, including the
10 dismissal of the action.  Thus, if plaintiff does not have evidentiary support for his claims at this
11 time, he may have no option but to dismiss this action.  However, if he is attempting to obtain
12 evidence to append to the pleading, plaintiff is advised that he does not need to attach evidence or
13 exhibits to his pleading.  Once the pleading is served and defendants filed an answer, the court
14 will issue a scheduling order that provides a period of discovery.
15    In any event, the court is unable to give parties legal advice.  If plaintiff wants to
16 voluntarily dismiss his action at this time, he is entitled to do so under Rule 41(a).  But the court

---

[1] Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).  Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954.  California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.  However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955.  California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.

[2] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

will provide plaintiff an opportunity to file an amended complaint rather than dismiss this case if he elects to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to withdraw his complaint is denied without prejudice; and

2. Plaintiff is granted twenty-one days in which to either file a request for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, or to file his amended complaint as required by the court's May 19, 2016 order.

Dated: June 6, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harm0598.59.fb